(7 Misc. Rep. 434.)

### BISKUPSKI v. POSPISIL.

(City Court of New York, General Term. March 9, 1894.)

MUTUAL BENEFIT INSURANCE—EXPULSION OF MEMBER.

In an action against a benefit association for a death benefit, it is error to direct a verdict for plaintiff, where there is evidence that the member had been expelled, as provided by the constitution and by-laws of the association.

Appeal from trial term.

Action by Emily Biskupski against Emil Pospisil, as president of Jan Ziska Lozecislo, 413, Independent Order of Odd Fellows. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

Langbein Bros. & Langbein, for appellant.

August P. Wagener, for respondent.

McCARTHY, J. This is an appeal from a judgment entered on a verdict of a jury, by direction of the court, in favor of the plaintiff, and from an order denying a motion for a new trial. The complaint was to recover the sum of $175, death benefit provided to be paid by the defendant, which was a lodge for such purposes, on the death of plaintiff's husband, who was a member of the lodge. The answer and defense were that, some months previous to his death, the plaintiff's husband was expelled. The defendant is a subordinate lodge of the grand lodge I. O. O. F. The constitution and by-laws of the grand lodge and its subordinates are in evidence. By article 4, § 2, the grand lodge has one general form of constitution for the government of all subordinate lodges, which shall be considered as the laws by which each subordinate lodge is to be governed in the transaction of its business, and it has a right to make by-laws. Section 7 provides:

"The benefits provided shall be dependent upon, and recoverable only through, the methods provided in the constitution, by-laws, and rules and

regulations of the order, to wit, trial in the lodges, appeal to the lodge, to the district grand committee, to the grand lodge, and, unless permission be refused by that body, to the supreme grand lodge."

By article 8, § 1, ("Trials,") no member shall be put upon trial, unless charges shall be submitted to the lodge, in writing, signed by a member of the order. By section 4 of this article it is provided:

"If the accused refuse or neglect to stand trial, when duly summoned, the committee shall report guilty of contempt of the lodge, which report shall be conclusive, and the punishment shall be expulsion."

He may be represented by counsel, and tried as though present, if he so elects.

By section 7 of this article, it is provided:

"Any member intending to appeal from the action of the lodge shall file with the secretary a notice of appeal, who shall forthwith send the notice. together with a certified copy of the charges, reports, evidence, and proceedings of the lodge relating to the case, to the grand committee of the district."

By article 4, § 8, it is provided:

"When a brother ceases to be a member of the lodge, by reason of expulsion, his right, title, and interest in and to the property and funds of this lodge, or any part thereof, thereby becomes extinguished."

The by-laws of the defendant were put in evidence, and portions of the same were translated in evidence. These provide as follows:

"Every member is entitled, in case of his sickness, by which he may be disabled from following his usual occupation, to a sick benefit. Members of whom it can be proven that they have received sick benefit, claiming to be sick, and the fact being contrary, or otherwise using the funds of the lodge, may be expelled."

The plaintiff's husband received benefit moneys, claiming to be sick. Charges were submitted to the lodge, signed by a member. He was notified, and put upon trial. He refused and neglected to attend, and for this contempt of the lodge he was expelled. The plaintiff's husband then took an appeal from this action of the lodge to the district grand committee, which reversed the action of the lodge expelling him; and the lodge thereupon appealed from the decision of reversal to the grand lodge, which reversed the decision of the district grand committee, and sustained the action of the lodge, expelling plaintiff's husband. The journal of the grand lodge, and the report of the committee on appeals to the grand lodge, and the records and evidence showing all these facts, were admitted in evidence. The plaintiff can only recover provided the husband, at the time of his death, was a member of the defendant's order, in good standing, and in accordance with its constitution and by-laws. If he was not such a member by his voluntary act or expulsion, she cannot recover. It was obligatory on the plaintiff to prove that, at the time of her husband's death, he was such a member, and there is no presumption to obviate this requirement, nor do I find in the case any affirmative evidence showing such fact. It may be said, however, that, at the close of

plaintiff's case, no motion to dismiss being made, therefore the presumption is that the plaintiff has made out a prima facie case. This is so generally, but where, at the final close of the case, the court, without motion by either party, takes the case from the jury, and directs a verdict for the plaintiff, the evidence must be full, clear, and sufficient to support such direction, against the objection and exception of the defendant. While we do not agree with the appellant's counsel in many of his contentions on the law, and to the rules of evidence, and the admission of documents, we think there was sufficient evidence of the fact that charges were made against Anton Biskupski, and that notice to attend before the proper trial committee was given to him, and of his failure to attend, and consequent expulsion; his appeal to the district grand committee, and their reversal of the decision of the lodge; also, of the appeal of the lodge to the grand lodge of the state of New York, its reversal of the decision just stated, and the restoration of, and affirmance of, the original decision of the lodge of which Anton Biskupski was a member, which requires a submission of the case to the jury. He was subject to the constitution and by-laws of this order, and by the same, as well as by his appeal, recognized and submitted himself to its judicial powers. The report agreed to and resolution adopted, as appears at pages 16 and 17 of the case, was an adjudication by the grand lodge, and binding on Anton Biskupski, and therefore on the plaintiff, his wife, until disturbed by the still higher appellate tribunal, as provided by the constitution and laws, or set aside by the court for fraud or mistake. Therefore, the learned justice erred in directing a verdict for plaintiff. There was sufficient dispute, which required it to be submitted to a jury. For this reason the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.