## Tecumseh Mutual Life Association v. Cornelia M. Woodman.

1. BENEFICIARY ASSOCIATIONS—*No Recovery on a Certificate Not in Force at the Time of the Demise of the Insured.*—The beneficiary of a person named in the certificate of an insurance association, who, in his lifetime, allowed his certificate to lapse by reason of his intentional

non-compliance with the by-laws of the association, is not entitled to recover.

Assumpsit, on a certificate of a beneficiary association.   Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1900.   Reversed with a finding of facts.   Opinion filed January 21, 1902.

F. M. WILLIAMS, attorney for appellant.

CLARK VARNUM, attorney for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

This is a suit upon a certificate of membership issued by appellant to Charles W. Woodman, now deceased.   It bears date March 10, 1896, and provides that "upon the death of said member while this certificate is in force," appellant will make payment as therein provided by appellee, the wife of said Charles W. Woodman, if living, and the association agrees "to make assessments to an amount adequate, with its other available funds, to pay all obligations created under this certificate."

The case was submitted to and tried by the court without a jury.   There appears to be no controversy as to the material facts.   The deceased was one of the original applicants for membership and paid the original membership fee of $2; but it was stated in behalf of appellant, and not denied by appellee, that he never made any payments of dues or assessments of any kind thereafter.   A letter which was sent to the deceased in his lifetime and was read in evidence confirms the statement.   The certificate was sent to the deceased by mail the day after its date, with a notice which, after stating that the certificate of membership was inclosed therewith, continued as follows:

"The first quarterly assessment is now due, and must be paid on or before April 11, 1896.   Contingent dues, $1. March assessment, $1.61.   April assessment, $1.61.   May assessment, $1.61.   Total, $5.83.   To save members the annoyance of paying small amounts frequently, the board of directors have decided to issue assessments quarterly, un-

less otherwise ordered. Assessments can, however, be paid monthly if the member so desires, or semi-annually or annually. All money must be sent by postoffice order, express money order, or draft. Currency is at your own risk. Notify this office immediately of any change in your address. Pay on receipt of notice, and avoid neglecting it.

WILSON BROOKS,
Secretary."

The by-laws of the appellant association provide that "at least one assessment, according to the table of rates, shall be levied each month, and every member shall be required each month to remit the amount of one assessment to the secretary of the association on or before twelve o'clock noon, on the thirtieth day, after notice of said assessment has been mailed to each member by the secretary." The by-laws also provided for the collection in advance of $4 per annum of contingent dues for each $1,000 of insurance; but these dues could be paid quarterly in advance by the member, if otherwise in good standing, without loss of such standing. The deceased paid no attention to the notice, and neither paid nor offered to pay any dues nor assessments thereafter. There is undisputed evidence showing that the secretary of appellant had several subsequent interviews with Woodman after the expiration of the time limited in the notice, and the latter declined to pay the amounts necessary to make good his membership. The secretary thereupon noted the word "lapsed" on the register of members, opposite the name of the holder of the certificate.

There is a provision in the by-laws of the association that "any member whose assessment or assessments are not paid within the time specified shall thereby forfeit his claim to membership and have his name stricken from the roll." This clause is not self-executing. It means only that such non-payment constitutes cause of forfeiture, contemplating future affirmative action by the association to carry it into effect. Northwestern Traveling Men's Association v. Schauss, 148 Ill. 304–310. It does not appear that any such affirmative action was taken in this case by the directors of

Tecumseh Mutual Life Ass'n v. Woodman.

the association.  But where there has been a breach of the conditions of the contract between the parties, "the insurer is not required in such case to formally declare a forfeiture. It is sufficient to set it up by way of defense when sued for the loss, as was done in this case." Schimp v. Cedar Rapids Ins. Co., 124 Ill. 354–357.

The question to be determined is whether the certificate of membership was in force at the time of the death of Charles W. Woodman, to whom it was issued.  The payments to be made thereunder are by the terms of the certificate payable " if assured shall have been a member of this association in good standing," etc.  A member is " in good standing," when he complies with the laws, rules, usages and regulations of the association.  Independent Order of Foresters v. Zak, 136 Ill. 185–188.  In McMurray v. Supreme Lodge, 20 Fed. Rep. 107, it is held that a member in arrears for dues and eight assessments is not in good standing.  In Biskupski v. Pospisil, 27 N. Y. Supp. 1018, it is said :  " The plaintiff can only recover provided her husband at the time of his death was a member of the defendant order in good standing, and in accordance with its constitution and by-laws, it was obligatory on the plaintiff to prove that at the time of her husband's death, he was such member."  One who has never complied with such regulations can not be said to be, if indeed he ever became, a member in good standing.  If the assured in the present case never paid nor showed any intention to pay any of the dues or assessments or to comply with the laws and regulations of the association in that respect, the mere issue of a certificate of membership in expectation of such compliance can scarcely be regarded as sufficient of itself to constitute him a member in good standing within the meaning of the certificate.  In the present case the holder of the certificate made only such payment as was preliminary to the issue of the certificate.  When the latter was sent to him it was accompanied with a notice that the first assessment was due and must be paid on or before the expiration of thirty days.  To constitute the assured a member in

good standing this assessment would have to be paid, unless some sufficient reason for non-payment appears. He not only failed to make any such payment, but although repeatedly urged both verbally and by letter to make his insurance good, he positively refused to make any payments thereafter of any kind, saying that it was too expensive. If any conduct short of an express formal declaration can indicate complete abandonment of all intention to remain a member and of all claim under the certificate, the conduct of the deceased evidenced such intention. His failure to pay was not accidental nor owing to want of notice, nor a mere oversight. He refused to pay, evidently in pursuance of a deliberately formed intention to abandon all connection with the association and all claims as a member. Refusing to perform the duties, he abandoned the rights of membership. Although frequently urged to reconsider he declined to do so. He died in March, 1898, two years after the issue of the certificate sued upon. It appears that in June, 1897, he had some thought of renewing his membership, and called at the office of the association to inquire what it would cost him to be re-instated. Upon learning from the letter sent in answer to his inquiry that he would be required to submit to a physical examination and pay the back dues and assessments amounting to $38 if he wished to be re-instated as of the age at which he took out the original certificate, he dropped the matter, stating that it would cost too much. He thus recognized that his status was such as to give him no standing as a member, and he must be presumed to have waived any informalities, if such there were in the omission by the association to formally declare his membership forfeited. Hansen v. Supreme Lodge, 140 Ill. 301–305. No subsequent notices were sent to the holder of the certificate, and both parties treated the membership as terminated, apparently by mutual consent.

It is urged by appellee's attorney that the notice sent with the certificate demanded too much money, and was thus so defective that the assured was under no legal obligation to make the payment. In view of what we have said,

Tecumseh Mutual Life Ass'n v. Woodman.

such defect, if it existed, must be deemed to have been waived. But we find no such defect. The notice informed him correctly what the monthly assessments were, and that these could be paid monthly or quarterly as the recipient might desire.

It is also urged that the evidence fails to show action by the directors specially levying the assessments mentioned in the notice and fixing the time and manner of payment. But where, as in the case before us, the holder of the certificate refuses to make any payment whatever, not on the ground of insufficient notice, or failure to make a proper levy, but because he has determined to abandon his membership absolutely, all such objections must be deemed to have been waived. In Hansen v. Supreme Lodge, *supra*, it is said: " In the application for a re-instatement no objection was made to the notice or any of the proceedings which led to the suspension, and in the absence of objection to the notice when Hansen had an opportunity to make an objection, if any existed, it will be presumed that all objection was waived."

It appearing that the holder of the certificate sued upon was not a member in good standing, but had of his own volition abandoned his membership in the appellant association long before his death, appellee is not entitled to recover, and the judgment of the Superior Court must be reversed, with a finding of facts.

**Finding of Facts.**—The court finds that the deceased, Charles W. Woodman, was not a member of the Tecumseh Mutual Life Association in good standing, and had abandoned membership therein prior to his decease; that he had waived all claims under and by virtue of the certificate of membership sued upon in this case, and that both the deceased and the association had treated his membership as terminated by mutual consent.