# 106 MATTER OF KIOWA COUNCIL *v.* GREAT COUNCIL I. O. R. M.

Supreme Court, March, 1928. [Vol. 132

In the Matter of the Application of KIOWA COUNCIL, No. 147, OF THE DEGREE OF POCAHONTAS OF NEW YORK STATE OF THE IMPROVED ORDER OF RED MEN and Others, Petitioners, for a Peremptory Order of Mandamus against the GREAT COUNCIL OF NEW YORK, DEGREE OF POCAHONTAS OF THE IMPROVED ORDER OF RED MEN, and Others, Respondents.

Supreme Court, New York County, March 28, 1928.

Corporations — membership corporations — mandamus to compel State body of Degree of Pocahontas to accord local councils full privileges of membership — Great Council levied assessments to raise money to erect home for aged members — corporation organized in 1905 — corporation does not have power to erect home — provision of Membership Corporations Law of 1926, § 11, not applicable, since power of corporation has not been extended — assessments are illegal and petitioners are entitled to order — assessments not dues or fees, within meaning of Membership Corporations Law of 1926, § 20.

The petitioners are local councils of the Degree of Pocahontas of the State of New York. They seek a mandamus order to compel the Great Council of the State of New York to accord them and their members full privileges of membership, including the current password. The petitioners were deprived of their rights in the order upon refusal to pay assessments levied against the members for the purpose of creating a fund to maintain a home for aged members. The Great Council of the State of New York was organized in 1905 under the Membership Corporations Law, and it does not have the power to erect and maintain a home for aged members and, therefore, the assessment is illegal and void. The petitioners, therefore, are entitled to a peremptory order of mandamus granting the relief prayed for.

Under section 11 of the Membership Corporations Law of 1926 a membership corporation may have the power to erect a home, but the Great Council of the State of New York has not changed its charter so as to have that power.

The assessments sought to be levied are neither dues nor fees, and their attempted collection by the methods here used are not authorized by section 20 of the Membership Corporations Law of 1926.

PROCEEDING for peremptory order of mandamus.

*Michael Gold,* for the petitioners.

*John J. Finn,* for the respondents.

TOWNLEY, J. This proceeding is brought by Kiowa Council, No. 147, located in Manhattan, New York city, one of the subordinate or local councils of the Degree of Pocahontas of the State of New York, which is the women's branch of the Improved Order of Red Men, for a peremptory mandamus order in favor of its council and its members and in behalf of all other local councils and members of the order similarly situated, against the State body of the order known as the Great Council of the State of New York, the petition

praying that the State body be required to accord to such local councils and their members the full privileges of membership in the order, including the current password and other incidental relief. At Special Term an alternative mandamus order was granted requiring trial of the issues which were had before the court, both sides waiving a jury.

The question presented is whether the State body of the order had power and authority by its corporate action to require the various local councils in the State of New York and their members to pay certain specified sums of money to the State body for the admittedly laudable and commendable purpose of establishing a home for aged members of the order and to provide funds for the purchase, equipment and maintenance thereof.   The local councils involved, including the petitioner council and also the State body of the order, are membership corporations organized and existing under the Membership Corporations Law of the State of New York. The order has about 12,000 members throughout the State; the relator, Kiowa Council, No. 147, has about 150 members, and there are twenty odd other local councils in the State in like situation of the relator council, whose combined membership is about 2,000 members.   It appears that at a session of the Great Council of the State of New York, held at Rochester, N. Y., on the 11th to the 14th days of June, 1923, a certain bill was enacted, the purpose of which was to provide additional moneys for the building and maintenance of a home for the aged members of the order, and provided for the payment of five dollars from each member of the order payable in five years at the rate of fifty cents each six months. The provisions of the so-called bill are as follows: " A ' bill ' to amend article II of the laws for the government of subordinate councils of the State Great Council of New York of the Degree of Pocahontas of the Improved Order of Red Men by adding a new section thereto to be known as section II under the title of ' membership fee.'   Be it enacted by the Great Council of the State of New York, Degree of Pocahontas, Improved Order of Red Mem, to amend article II of the laws of the government of subordinate councils of the Great Council of New York State, Degree of Pocahontas, Improved Order of Red Men, by adding thereto a new section to be known as section II, with reference to ' membership fee,' to read as follows: Section II. A fee of one (1) fathom per great sun for the next five great suns shall be paid by each member of the Degree of Pocahontas of the Improved Order of Red Men for the purpose of providing a fund for the purchase, equipment and maintenance of a home for aged members, to be collected and paid in ·the same manner as now provided for with references to fees and dues, except that

**108** ·MATTER OF KIOWA COUNCIL *v.* GREAT COUNCIL I. O. R. M.

Supreme Court, March, 1928. [Vol. 132

such fee shall be paid as follows: Fifty inches (50 cents) on the first sun of Buck moon, fifty inches (50 cents) on the first sun of Cold moon and on each six moons thereafter for said period."

The petitioner council and twenty odd other local councils have consistently refused to make any payment of such moneys for the home for aged members, with the result that the State body and its officers have withheld the current password from these delinquent councils and their members, refused admission of their delegates to the annual sessions of the State body, and in 1927, by action of the State body, threatened to suspend the charters of these respective local councils. I am of opinion that the State body had no power or authority to enforce the involuntary payment of such moneys from the members of the order for the purpose of establishing and maintaining a home for aged members. The certificate of incorporation of the Great Council of New York State Degree of Pocahontas was dated and executed on June 15, 1905, and was filed in the office of the Secretary of State at Albany on June 20, 1905. In 1905 membership corporations were not authorized by the Legislature to establish and maintain homes for the aged, and it was not until by the Laws of 1924, chapter 519, now subdivision 1 of section 11 of the present Membership Corporations Law (see Laws of 1926, chap. 722), that the establishment or maintenance of a home for aged persons was a legal object or purpose of a membership corporation. Chapter 519 of the Laws of 1924, now incorporated as subdivision 1 of section 11 of the Membership Corporations Law of 1926, provides as follows:

" § 11. Special provisions for incorporation. The following shall be complied with in the cases specified below: 1. If the certificate of incorporation specify among the purposes * * * the establishment or maintenance of one or more * * * homes for invalids, aged or indigent persons, * * * the approval of the state board of charities shall be indorsed thereon or annexed thereto."

The Great Council has failed to take any steps to enlarge or change its purposes or powers in accordance with section 30, subdivision A, of the Membership Corporations Law of 1926, and, unless legislative authority to establish and maintain a home for aged members has been specifically granted to this State body as a membership corporation, it does not exist. Further it is my opinion that this involuntary payment of such moneys attempted to be enforced by depriving the members of certain of their privileges in the order and by threatened suspension of the charter of the several local councils here involved cannot properly be termed either dues or fees, and its imposition and attempted collection by the methods here used are not authorized by section 20 of the Membership Corporations

Law of 1926.    (See *Thompson* v. *Wyandanch Club*, 70 Misc. 299; *Matter of Monroe Chapter, Order of Eastern Star*, 132 id. 109.)

The State Legislature alone has power to enlarge, change or alter the scope, powers and authority of the State body of the order, and any purported action of the Great Council of the United States, the National body of the order, to that end must be held to be wholly without any legal effect.    I am satisfied that the relator council and its members have exhausted their remedies within the order.    The questions here presented require determination in a regular judicial forum where they can be decided with finality.    For the reasons above stated, the petitioner is entitled to a peremptory mandamus order as prayed for.

Petitioner's petition is granted, and I direct that the peremptory mandamus order issue against the respondent for the relief demanded in the petition.    Submit findings, decision and peremptory mandamus order on notice.