THE RAINBOW FALLS FISH & GAME CLUB, INC., Plaintiff, *v.* WARREN W. CLUTE, JR., Defendant.

Supreme Court, Jefferson County, March 26, 1941.

72

*Henry A. Hudson*, for the plaintiff.

*Argetsinger & Valent*, for the defendant.

CROSS, J. The defendant moves under rule 113 of the Rules of Civil Practice for an order dismissing the plaintiff's complaint and for judgment in favor of the defendant.

Plaintiff maintains that upon the record and under said rule, it appears that plaintiff is entitled to judgment and requests such relief.

The plaintiff seeks judgment upon two separate causes of action. In the first cause of action the plaintiff seeks to recover the sum of five dollars for the annual dues of the club which became due and payable April 1, 1940. Defendant admits in his answer that the plaintiff is a domestic corporation; that during the year 1940 defendant was a member of the club in good standing; that he became obligated pursuant to the by-laws of the corporation for the annual dues of the club in the sum of five dollars, which dues became due and payable April 1, 1940, and further admits that such dues have not been paid. Defendant further sets forth as a defense that he resigned from the club in October, 1940, and that plaintiff has not been authorized to commence this action. The essence of defendant's contention that he is not liable on the first cause of action rests on the claim that, because of his resignation from the club, defendant ceased to be a party to the contract to

pay said dues and that the club is without power to enforce the provisions of the contract or by-laws against him in a court of law to recover the amount of said annual dues. In my judgment, the by-law is valid and a contractual obligation arose on April 1, 1940, against the defendant which the plaintiff is entitled to enforce in the courts of this State. Section 4 of article 10 of the Constitution of the State of New York provides: " And all corporations shall have the right to sue and shall be subject to be sued in all courts in like cases as natural persons." I think defendant's position is untenable.

Taking up plaintiff's second cause of action, in which it is sought to recover the sum of ninety-five dollars under a so-called assessment made by the club, April 1, 1940, pursuant to a by-law reading as follows: " There shall be an annual assessment due and payable on April first, which assessment shall be determined upon a vote of the Club on the report made at the annual meeting by the Treasurer."

Defendant contends that the by-law under which the assessment was made was *ultra vires*, in that it assumed to provide for an assessment without authority of law.

Plaintiff contends that the word " assessment " as used by it is synonymous with " dues " and is authorized by section 20 of the Membership Corporations Law.

As I view it, the test of whether a cause of action exists in the plaintiff to recover the sum of ninety-five dollars, depends upon whether this sum is in reality a part of the annual dues which the club may regulate by a permissive by-law. If it is, a recovery may be had; otherwise, not. In applying this test, neither the word " dues " nor the word " assessment " should be used as a slogan to express a meaning foreign to the one which patently was intended by all parties interested in its interpretation.

Conceivably the word " dues " may be used as a cover for the collection of a sum which, when viewed in the light of surrounding circumstances, is actually and in legal sense nothing more or less than an assessment. Likewise, the word " assessment " may be used in such a sense that its intended meaning, viewed in the light of surrounding circumstances, is nothing more or less than fees or dues.

In 8 White on Non-stock Corporations (p. 33) the text writer in the sub-title " Assessments Distinguished from Dues and Fees," states: " A membership corporation has no power to levy assessments upon its members, as distinguished from fixing dues and fees. The distinction is that an assessment is involuntary, whereas fees are voluntary payments for particular privileges, and dues are

payable periodically. *Matter of Munroe Chapter*, 132 Misc. 109; 228 N. Y. Supp. 248 (1927); *Thompson* v. *Wyandanch Club*, 70 Misc. 299; 127 N. Y. Supp. 195 (1911); *Matter of Kiowa Council*, 132 Misc. 106; 228 N. Y. Supp. 256 (1928)."

In the leading case cited by defendant in support of his contention (*Thompson* v. *Wyandanch Club*, 70 Misc. 299, 305, 306), we find the judicial definition and distinction between " dues " and " assessment," stated as follows: " Every man experienced in business recognizes the meaning of ' assessment ' as distinguished from ' fees ' or ' dues.' Fees are the amount paid for a privilege. They are not an obligation, as the payment is voluntary. Such is an initiation fee of a club. *With reference to clubs and other membership corporations, the meaning of the word ' dues' is settled. It means the obligation into which the members enter to pay a sum to be fixed, usually by by-laws, at recurring intervals, for the maintenance of the organization.* Every club has its initiation fee, and some have fees for other special privileges. In all cases, the payment is voluntary. Every club has its dues fixed by itself, payable periodically and creating a debt by the member to the club. An assessment, such as was levied in this case, is different. It is not a fee; it is not dues; * * *." (Italics supplied.)

An examination of the facts upon which the decision in the *Thompson* case rests indicates that the club had pursued a plan of levying assessments at irregular times and for various purposes, other than future maintenance of the organization. The pith of the decision rests in the two concluding paragraphs (pp. 307, 308), wherein the court said:

" I hold that the defendant had power to raise the dues in the discretion of the body which was authorized to make its by-laws; *but that it had no power, either by by-laws, or vote of the directors or of the club itself, to levy special assessments.* I do not rest my decision on the argument that such a power is dangerous, or that it might be abused, for in view of the past history of the club I see no evidence of abuse, but solely on my interpretation of the statute. The club could establish fees, viz., amounts to be paid for privileges; and dues, viz., stated amounts which the members must pay periodically for the continuing privilege of membership; but not special assessments, imposing a debt on the members against their will.

" Cases might be imagined in which it is difficult to distinguish between dues and assessments; but in this case the difference is plain." (Italics supplied.)

The question presents itself here as to what was really meant by this annual so-called assessment of the club. In making answer, we may resort to the practical construction of the parties and to

the plan, purpose and effect of the process by which the periodical payment of dues for the privilege of membership was provided. Taking into consideration the number of members, the facilities afforded by the club and the nominal five-dollar annual payment provided for in a preceding by-law, it is manifest that a further sum, in the nature of dues, was intended to be paid for the privilege of continuing membership and the payment of the recurring annual expense of the organization. It seems to me that both the plaintiff and defendant must have had in mind this interpretation and meaning of the word " assessment " as applied to the facts involved in this action. The defendant voluntarily assumed the obligation when he entered into membership to pay a sum to be fixed annually for the maintenance of the club. The fact appears without contradiction that this so-called assessment was to cover the expenses for the ensuing year and not to cover expenses already incurred. This sum by fair construction constitutes " fees " or " dues." Defendant could have resigned when these dues were fixed at the April, 1940, meeting and he would not have been under any involuntary obligation to pay. It is difficult and many times impossible to determine the precise meaning of a word when it is detached from its context. After all, the purpose of language is to convey thought. If a word is used by a person in a certain sense and is understood by another in the same sense, its meaning is fairly established as there used.

I think that the word " assessment," as used in plaintiff's by-law and as a basis for its second cause of action, is a misnomer. The fair and legal construction of the by-law here involved leads to the conclusion that it was really a provision for the regulation of annual dues. It follows further as a necessary conclusion that a sum of $100 as annual dues for the ensuing year became due and payable as a legal obligation to the plaintiff from the defendant in April, 1940.

The questions involved here are solely matters of law and no arguable issue arises as to the facts.

Defendant's motion for summary judgment is denied as to both causes of action and it appearing that plaintiff is entitled to judgment under the practice provided in rule 113 of the Rules of Civil Practice, judgment is awarded to plaintiff and against the defendant in accordance with the prayer of the complaint.

Present order accordingly.