Lawrence H. Cooke, J.
In this action instituted by a membership corporation against one of its members to collect dues for two years, plaintiff moves for summary judgment.
Section 20 of the Membership Corporations Law provides, among other things, that the by-laws of a membership corporation may make provisions, not inconsistent with law or its certificate of incorporation, regulating the admission and voluntary withdrawal of members, the dues of members and the termination of membership on nonpayment thereof or otherwise. A member of a membership corporation makes valid by-laws thereof a part of his contract of membership and becomes bound by them (Matter of Haebler v. New York Produce Exch., 149 N. Y. 414, 427; Cabana v. Holstein-Friesian Assn. of America, 196 App. Div. 842, affd. 233 N. Y. 644; National League of Comm. Merchants v. Hornung, 148 App. Div. 355, 361; Weissman v. Birn, 56 N. Y. S. 2d 269, 271, affd. 270 App. Div. 757, mot. for lv. to app. den. 270 App. Div. 809; Oyster v. Slovene Nat. Benefit *826 Soc., 154 Misc. 19, 21-22). Not only is this law applicable here but it appears also that an application form was executed on behalf of defendant explicitly agreeing to be “ governed by the Articles of Incorporation and By-Laws of the Corporation as long as ” it continued as a member.
With reference to membership corporations the word “ dues ” means the obligation into which the members enter to pay a sum to be fixed, usually by by-laws, at recurring intervals, for the maintenance of the organization; and the dues of a membership corporation, fixed by itself and payable periodically, create a debt by the member to the club (Rainbow Falls Fish & Game Club v. Clute, 177 Misc. 71, 74; Thompson v. Wyandanch Club, 70 Misc. 299, 305-306). A membership corporation has power to raise its dues in the discretion of the body authorized to make its by-laws (Thompson v. Wyandanch Club, supra, p. 307) and such a corporation has a right to adopt a by-law that no member may withdraw from membership unless by resignation in writing accompanied by all dues outstanding (Ewald v. Medical Soc. of County of N. Y., 144 App. Div. 82, 85; cf. Associated Press v. Emmett, 45 F. Supp. 907). Bach person admitted to membership in a membership corporation pursuant to law or its by-laws shall be a member of the corporation until his membership shall terminate by death, resignation or otherwise (Membership Corporations Law, § 40).
Here, an affidavit submitted by plaintiff states that plaintiff is a “ membership corporation ” and this is not disputed. The complaint recites that plaintiff is a “domestic corporation” and, in regard thereto, the answer denies any knowledge or information sufficient to form a belief (see 3 Weinstein-KornMiller, N. Y. Civ. Prac., § 3015.09). However, judicial notice may be taken in any court at any stage of the litigation from motion practice to appeals, including a motion for summary judgment (Tuffarella v. Erie R.R. Co., 33 Misc 2d 1040, 1043, affd. 17 A D 2d 484, affd. 13 N Y 2d 1045; 5 Weinstein-Korn-Miller, N. Y. Civ. Prac., § 4511.01), and courts can take judicial notice of matters of public record (Browne v. City of New York, 213 App. Div. 206, 233, affd. 241 N. Y. 96; Fisch, New York Evidence, p. 516, n. 24). Here, the indisputable public records of the Secretary of State show that plaintiff is a New York State membership corporation.
It appears that plaintiff is a domestic membership corporation, that defendant became a member thereof, that the dues of plaintiff for associate members during the years in question were $200 per year (the lesser of two categories), that defendant did not pay the dues for two years in question and that defendant did not resign or withdraw from membership in any manner, in *827 compliance with the by-laws of plaintiff or otherwise. There is no claim or showing of invalidity of the by-laws in question. There are no material and triable issues of fact. Motion of plaintiff granted.