■ THE RESOURCE CENTER, Appellant, v NYSARC, INC., Respondent. [905 NYS2d 806]—

Appeal from an order of the Supreme Court, Chautauqua County (Timothy J. Walker, A.J.), entered June 17, 2009. The order, among other things, denied plaintiff's motion for summary judgment and granted defendant's motion for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking a determination that it had properly disaffiliated from defendant and was entitled to keep its assets. Plaintiff was founded in 1958 to serve mentally handicapped persons in Chautauqua County and, since 1959, plaintiff has been a chapter affiliated with both defendant, a not-for-profit corporation, and defendant's predecessor. According to defendant's bylaws and rules, all property held by one of defendant's chapters is held in trust for defendant. In 2006, plaintiff's members voted to disaffiliate from defendant.

We conclude that Supreme Court properly denied plaintiff's motion for summary judgment seeking, inter alia, a determination that it has the right to disaffiliate from defendant and

granted defendant's motion for partial summary judgment determining, inter alia, that all of plaintiff's assets and programs shall be retained by defendant for the benefit of the children and adults formerly served by plaintiff in the event that plaintiff continues its efforts to disaffiliate from defendant. Contrary to plaintiff's contention, the record establishes that in 1959 plaintiff's members agreed to affiliate with defendant and to be bound by defendant's rules, including the rule that all of the property held by one of defendant's chapters is held in trust for defendant (*see generally Associated Gen. Contrs. of Am., N.Y. State Ch. v Lapardo Bros. Excavating Contrs.*, 43 Misc 2d 825 [1964]). Therefore, the court is correct that, upon plaintiff's disaffiliation from defendant, plaintiff will cease to have any interest in such property because "the interest of a member in the property of a corporation shall terminate upon the termination of his membership" (N-PCL 516 [a]).

Also, contrary to the contention of plaintiff, it does not have equitable title to its real property, facilities and equipment. Since 1959, plaintiff has at all times held itself out as one of defendant's chapters and has received the benefits of being such a chapter without objecting to the applicability of defendant's bylaws and rules. It therefore is not inequitable to require plaintiff to comply with defendant's bylaws and rules (*see generally Episcopal Diocese of Rochester v Harnish*, 11 NY3d 340, 352 [2008]). Finally, we reject the further contention of plaintiff that defendant's rules pertaining to dissolution of a chapter are not applicable to plaintiff's disaffiliation from defendant, inasmuch as it is beyond dispute that disaffiliation will terminate plaintiff's status as one of defendant's chapters. Present—Centra, J.P., Peradotto, Lindley, Sconiers and Gorski, JJ.