BULA E. CROKER, Respondent, *v.* RICHARD CROKER, Appellant.

(Argued October 9, 1929; decided October 22, 1929.)

*Frederick R. Ryan* and *Samuel A. Adamson* for appellant. The court below erred in granting summary judgment. The affidavit submitted by defendant is a complete bar to a summary judgment under rule 113.. Sufficient proof was submitted by defendant entitling him to defend the action and to try the issues. (*Curry* v *MacKenzie,* 239 N. Y. 267; *Mogul, Inc.,* v. *Lavine, Inc.,* 247 N. Y. 20; *Gravenhorst* v. *Zimmerman,* 236 N. Y. 22; *General Investment Co.* v. *Interborough R. T. Co.,* 235 N. Y. 133; *Weinberg* v. *Goldstein,* 226 App. Div. 479; *Chelsea Bank* v. *Munoz,* 202 App. Div. 702; *Bernstein* v. *Kritzler,* 224 App. Div. 387; *Scanlon* v. *Kuehn,* 225 App. Div. 256; *Miner* v. *Reinhardt,* 225 App. Div. 530; *Sudarsky* v. *Woodmar Realty Co., Inc.,* 224 App. Div. 38; *Genet* v. *D. & H. Canal Co.,* 163 N. Y. 177; *Spies* v. *National City Bank,* 174 N. Y. 227.)

*Edmund L. Mooney* and *Wilber W. Chambers* for respondent. Defendant's answer and affidavit present no triable issue of fact. (*Guggenheim* v. *Wahl*, 203 N. Y. 390; *Matter of Swales*, 60 App. Div. 599; 172 N. Y. 651; *Hewitt* v. *Northrup*, 75 N. Y. 506; *Kaufman* v. *Kaufman*, 177 App. Div. 162; *Hughes* v. *Cuming*, 165 N. Y. 91; *Matter of Stilwell*, 139 N. Y. 337; *Dunstan* v. *Higgins*, 138 N. Y. 70; *Lazier* v. *Westcott*, 26 N. Y. 146; *Konitzky* v. *Meyer*, 49 N. Y. 571; *Johnston* v. *Comp. Generale Transatlantique*, 242 N. Y. 381.)

POUND, J. This is an action on a judgment of the High Court of Justice, King's Bench Division of Saorstat Eireann, Irish Free State, given and rendered June 22, 1923. The complaint alleges the recovery of a judgment for costs in favor of the plaintiff herein against the defendant herein. By the judgment it was ordered and adjudged that this defendant pay to this plaintiff " her costs of said action, when taxed and ascertained, save in so far as said costs had been increased by the intervention of " the intervenient Ethel White.

The complaint contains further allegations to the effect that the costs were taxed on November 13, 1923, at the equivalent in American currency of $15,801.08, " which sums as taxed are and constitute a part of said judgment," and demands judgment therefor, with interest and costs.

The answer puts in issue, among other allegations, the allegation that the costs as taxed " are and constitute a part of said judgment." On motion for judgment an affidavit was read in support of the motion made by a former solicitor of the High Court of Justice in Ireland, now a member of the New York bar, to the effect that the costs need not be written into the judgment to form a part thereof and that nothing further was required to be done to make the judgment enforceable. An affidavit made by another Irish solicitor was read in

opposition to the motion to the effect that such costs when taxed did not become a part of. the judgment until the amount thereof was entered in or upon the judgment. The Special Term struck out defendant's answer and directed judgment on the complaint.

The question is whether defendant has shown such facts as entitle him to defend. (Rules Civil Practice, rule 113.) Has he presented conflicting evidence upon a material issue which might be submitted to a court or jury? If he has, the court cannot pass upon the issue thus created on a motion for summary judgment. (*General Investment Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133, 139.) We do not know the law of the Irish Free State judicially. Foreign law must be proved like any *factum probandum*. If we should indulge in the presumption that the Irish law is like that of the forum, we would conclude that costs as taxed form no part of the judgment until the amount thereof is inserted therein. (Civ. Prac. Act, § 1532.) If we should look to the English practice, it would seem that it is necessary to enter up the costs on the judgment before proceeding to enforce it. (*Ex parte Crump*, 64 L. T. 799.) The affidavit of the Irish solicitor who swears that this is the rule in the Irish Free State cannot be disregarded as suggesting an irregularity only. It indicates a material defect in the judgment sued on and sustains the defense that puts in issue the allegation of the complaint that costs as taxed " are and constitute a part of said judgment," without being further connected with the judgment than by the taxing certificates. The action is on the judgment and if the judgment itself is not enforceable for a fixed sum the action must fail.

The judgment should be reversed, with costs in all courts, and the motion for summary judgment denied, with ten dollars costs.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.