Bernard ¡3. Meter, J.
This motion for summary judgment, though not opposed by the filing of an affidavit, is denied. The complaint alleges a judgment obtained in New Jersey against Berkley Gardens, Inc., a demand upon defendant as an officer of that corporation to file the certificate of payment of capital stock required by New Jersey Statutes Annotated (§ 14:8-16), under which statute neglect or refusal so to file for 30 days after written request renders the officer “ jointly and severally liable for its debts contracted before the filing of such certificate,” and defendant’s failure to file the required certificate. By verified answer, defendant set forth as affirmative defenses that the statute was penal in nature and unenforcible in New York, and that the notice given was insufficient to impose liability on defendant. The moving affidavit proceeds on the theory that the issues thus raised are questions of law, not questions of fact. This overlooks the rule that what is the law of a foreign jurisdiction is a question of fact requiring denial of summary judgment. (Werfel v. Zivnostenska Banka, 287 N. Y. 91, 93; Croker v. Croker, 252 N. Y. 24, 26.) Even were that not so, the court would decline to take judicial notice of the New Jersey law, in view of the conflict in New Jersey decisions concerning *1019 whether the request to file the required certificate must call attention to the consequences possible under the statute (cf. Portage Shoe Mfg. Co. v. Reich, 53 N. J. Super. 600 with Sylvania Elec. Prods. v. Fulmer, 47 N. J. Super. 444). The questions of the penal nature of the- statute and the sufficiency of notice should be determined on the basis of expert testimony upon trial. The affirmative defenses and the other fact denials in defendant’s verified answer lead the court to conclude that notwithstanding defendant’s failure to oppose this motion, the court should, as rule 66 of the Buies of Civil Practice authorizes, direct that the relief demanded be denied. A further reason for denial of the motion exists in that since the moving affidavit was sworn to in Indiana and is not authenticated as required by section 359 of the Civil Practice Act, the motion is not properly before the court. Finally, it may be observed that as a commercial action, the matter is entitled to preference under rule 6 of the Nassau County Supreme Court Buies, so that plaintiff by being put to its proof will not be unduly delayed.