Frank A. Gulotta, J.
This motion by the third-party defendant, Star Corrugated Box Company (Star), seeks permission to amend its answer so as to plead the Workmen’s Compensation Law as an affirmative defense.
In the main action Anthony Tuffarella, an employee and a passenger in a truck owned by Star and driven by a fellow servant at the time it was in collision with an Erie Railroad train in New Jersey, sues Erie to recover for the loss of an eye and other injuries.
On May 19,1959, Erie served a third-party complaint on Star seeking contribution under the New Jersey Joint Tortfeasors Contribution Law. (N. J. Stats., § 2A:53A-1 et seq.)
*639 The availability of that claim, to Erie and the propriety of asserting it in third-party practice procedure under subdivision 1 of section 193-a of the Civil Practice Act without waiting for the recovery of a judgment against Erie and the payment of same by Erie, has been settled by the Appellate Division (10 A D 2d 525, motion for leave to appeal dismissed 8 N Y 2d 1040).
The papers in opposition to this motion confine themselves to technical objections and to a discussion of the procedural problems only; but of more interest is whether the proposed pleading is legally sufficient. Basically, Star’s position is that since the Workmen’s Compensation Law provides an exclusive remedy for Tuffarella as against it, and since he is disabled from making a claim for common-law damages against his own employer directly (vide § 11), the same claim may not be made indirectly through Erie; or perhaps to put it more accurately, since it has already been decided that Erie may make the claim, that the Workmen’s Compensation Law constitutes a defense. Just how this is. supposed to work as a practical matter is not clear. If Tuffarella is entitled to his full damages against Erie, and if Erie is entitled to one half from Star, it obviously would be impossible at the same time to limit the recovery from Star to the amount of compensation benefits, without nullifying one or both of these other rights.
In addition we are confronted with the complication that after such a defense had been used to limit the recovery, Star could then recoup from the plaintiff, under subdivision 1 of section 29 of the Workmen’s Compensation Law, the compensation payments theretofore made to the plaintiff and thus make the same sum count twice. This specific situation cannot arise under New York law, because a right of contribution can arise only as between joint tort-feasors when the plaintiff makes them a party and recovers a judgment against them jointly (Civ. Prac. Act, § 211-a; Fox v. Western N. Y. Motor Lines, 257 N. Y. 305) and as we have noted, an employee necessarily must leave his employer out of such a lawsuit.
However, in a similar situation, to wit: a claim for indemnity by a third-party wrongdoer against the employer of the plaintiff, it is now settled law that the fact that there may be a recovery over against the employer for more than compensation benefits is of no consequence in determining the right to make such a claim. (Westchester Light. Co. v. Westchester County Small Estates Corp., 278 N. Y. 175.) It was pointed out therein that such a recovery is not “ on account of ” the death or injury of the employee as proscribed by section 11, but is the assertion of an independent duty owing by the employer to the third party. *640 This claim can be asserted in a separate action as was done in the Westchester Lighting case, or in the negligence case itself. (Tabor v. Stewart, 277 App. Div. 1075.)
Putvin v. Buffalo Elec. Co. (5 N Y 2d 447) reaffirmed the rule that the Compensation Law and section 18 of article I of the New York Constitution furnished no barrier to a claim for indemnity against an employer of the plaintiff. It is true that the intimation is made that the rule is confined to indemnity situations, but this must be taken in the light of the fact that the court was discussing New York law which recognizes no right to contribution in the situation under discussion.
Here on the other hand, the Appellate Division has held that Erie has a substantive right to make this claim stating (10 A D 2d 525, 531): “ Since the statutory right to .contribution is regarded in New Jersey as being a substantive right and since it may there be enforced under their procedural rule of court, we apprehend that we should permit its enforcement here under our substantially similar procedural provision (Civ. Prac. Act, § 193-a, subd. 1). The accident happened in New Jersey, and, save for matters of purely procedural nature, the law of that State is applicable unless it can be shown that it offends in some way our public policy (Poplar v. Bourjois, Inc., 298 N. Y. 62). ‘ We are not so provincial as to say that every solution of a problem is wrong because we deal with it otherwise at home ’ (Loucks v. Standard Oil Co. of New York, 224 N. Y. 99, 111).”
There is no difference in principle between a substantive right recognized at common law and a similar right created by statute. When we consider the chaos which would ensue at a trial were this issue to be introduced, with no clear-cut intimation on what its effect or scope should be, we must come inevitably to the conclusion that it should be excluded.
Maritime cases arising under the Longshoremen’s and Harbor Worker’s Compensation Act (U. S. Code, tit. 33, § 905) present a similar problem in that this section limits the employer’s liability to compensation. Nevertheless, it "was held in McFall v. Compagnie Maritime Belge (304 N. Y. 314) that such act did not bar a claim over by the passive wrongdoer against plaintiff’s employer for its active negligence and without limitation as to amount.
Incidentally, it is pointed out at page 328 that under a-maritime rule of ancient origin, there is even a right of contribution between wrongdoers, where two vessels collide due to the fault of both. Thus a case arising under this rule gives us an analogy on all fours with the case under consideration here. Such a case was Halcyon Lines v. Haenn Ship Corp. (342 U. S. 282) where *641 a contractor’s employee while making repairs aboard a ship, was injured due to the negligence of both the shipowner and the contractor. The District Court allowed contribution to the extent of one half; the Circuit Court of Appeals changed this to an amount not exceeding the amount the contractor would have been compelled to pay under the Longshoremen’s Act. The Supreme Court reversed, but solely on the ground that the rule of contribution in collision eases should not be extended by judicial decision to noncollision cases.
The intimation is clear however, that given proper legislative authority, there is no overriding policy of the courts not to permit a 50% contribution by an employer and in the present case we have the requisite legislative sanction.
The holding of the McFall case (supra) was later restricted in Merriweather v. Boland & Cornelius (6 N Y 2d 417) to indemnity based strictly on contract and not on the quasi contractual or active/passive type of indemnity approved in the McFall case. It did so because the United States Supreme Court in decisions made in the interim had held a McFall type of recovery to be 1 ‘ on account of ’ ’ the injury and thus precluded by section 905 of the Longshoremen’s Act.
However, the Court of Appeals makes it quite clear that this was only being done in deference to the Supreme Court whose views are controlling in the maritime sphere, but without conviction that they were sound in this instance, and that our own rule of Westchester Light. Co. v. Westchester County Small Estates Corp. (supra) in workmen’s compensation cases, remains unaffected. This motion, therefore, is denied. Short-form order signed.