Bernard S. Meyer, J.
Plaintiff, while riding in a truck owned by third-party defendant Star Corrugated Box Company, was injured when that truck collided at a grade crossing in New Jersey with a train operated by defendant third-party plaintiff Brie Railroad Company. Star’s motion to dismiss the third-party complaint was granted, but on appeal that determination was reversed, the Appellate Division concluding (Tuffarella v. Erie R. R. Co., 10 A D 2d 525, 531): “ Since the statutory right to contribution is regarded in New Jersey as being a substantive right and since it may there be enforced under their procedural rule of court, we apprehend that we should permit its enforcement here under our substantially similar procedural provision (Civ. Prac. Act, § 193-a, subd. 1). The accident happened in New Jersey, and, save for matters of purely procedural nature, the law of that State is applicable unless it can be shown that it offends in some way our public policy.” A motion for leave to appeal was dismissed by the Court of Appeals (8 N Y 2d 1040). Thereafter Star moved for leave to amend its answer to assert, as an affirmative defense, that plaintiff was a fellow employee of the operator of the truck and was, therefore, barred from recovery against Star by subdivision 6 of section 29 of the New York Workmen’s Compensation Law. Leave to amend was denied on the ground that the proposed defense was legally insufficient (27 Mise 2d 638). Star now moves for summary judgment on the third-party complaint, supporting its motion by an affidavit (which is not controverted) that plaintiff and the truck driver were both employees of Star and arguing that contribution is foreclosed by the exclusivity provision of either section 11 of the New York Workmen’s Compensation Law or the New Jersey compensation statute (N. J. S. A., § 34:15-8). Brie opposes, both on the merits and on the ground that the decision denying leave to amend constitutes the law of the case. The motion is granted.
New York recognizes no right of contribution between joint tort-feasors who are not also joint judgment debtors. The basis of the third-party claim is, therefore (as the above quotation from the Appellate Division’s decision makes clear) the substantive right to contribution accorded by the New Jersey Joint Tortfeasors Contribution Law (N. J. S. A., § 2A:53A-1 et seq.). That statute conditions the right to contribution upon a demon *1042 stration not only of joint wrongdoing but of common liability. New Jersey has therefore denied contribution where the plaintiff was the spouse of the third-party defendant at the time of the injury and thus disabled by coverture (Kennedy v. Camp, 14 N. J. 390; Guerriero v. U-Drive-It Co. of N. J., 22 N. J. Super. 588); and where plaintiff and third-party defendant were married after the accident, but before institution of suit (Tomkovich v. Public Serv. Coordinated Transp., 61 N. J. Super. 270), but not where the marriage occurred after judgment (Pennsylvania Greyhound Lines v. Rosenthal, 14 N. J. 372), the rationale being that in the first and second cases common liability did not exist when the action was begun. Similarly, the absence of common liability prevents contribution when the relationship between the plaintiff and third-party defendant at the time of the injury is employer-employee (Farren v. New Jersey Turnpike Auth., 31 N. J. Super. 356; Public Serv. Elec. & Gas Co. v. Waldroup, 38 N. J. Super. 419; see Yearicks v. City of Wildwood, 23 N. J. Super. 379; Hagen v. Koerner, 64 N. J. Super. 580). Additional expression of the common liability requirement by New Jersey courts is to be found in Sattelberger v. Telep (14 N. J. 353); Adler’s Quality Bakery v. Gaseteria, Inc. (32 N. J. 55); Cooper v. Philadelphia Dairy Prods. Co. (34 N. J. Super. 301); Zotta v. Otis El. Co. (64 N. J. Super. 344; and, see, 2 Larson, Workmen’s Compensation Law, § 76.21, and Ann. 53 A. L. R. 2d 977).
The instant decision turns, therefore, on whether plaintiff had an enforcible cause of action against both Erie and Star at the time of the accident. Whether the existence of a cause of action is to be determined under the law of New Jersey (see Restatement, Conflict of Laws, § 401) or of New York (see Moretz v. General Elec. Co., 170 F. Supp. 698, 704, revd. on other grounds 270 F. 2d 780) is of no moment, for under neither law is there common liability upon which third-party plaintiff can predicate a claim for contribution. The New Jersey employer-employee cases have already been referred to. The New York cases upon which third-party plaintiff relies are Westchester Light. Co. v. Westchester County Small Estates Corp. (278 N. Y. 175) and Tabor v. Stewart (277 App. Div. 1075). Far from holding that there is any common liability on the part of an employer and a negligent third party, those cases hold that notwithstanding that section 11 of the Workmen’s Compensation Law protects an employer against a suit by his employee, he may under proper circumstances, be required to indemnify the third party because the duty to indemnify is not a liability ‘ ‘ on account of ’ ’ the injury. In other words, both the express language of section 11 of the Workmen’s Compensation Law and the legal theory *1043 upon which an indemnification claim over is allowed, negative common liability. (See Edwards v. Sophkirsh Holding Corp., 280 App. Div. 168,170, affd. 304 N. Y. 850, and Cardinal v. State of New York, 279 App. Div. 326, 330, mod. on other grounds 304 N. Y. 400, cert, denied 345 U. S. 918.) That the Westchester Light, and Tabor cases hold that the policy of the New York statute does not proscribe action by a third party against the employer is simply not relevant to the determination which must be made under the New Jersey contribution statute (cf. Cardillo v. Marble Bldg., 142 N. Y. S. 2d 721).
What has been said thus far disposes of the contention that the decision on the motion for leave to amend is the law of the case. The papers on the previous motion show that Star sought leave ‘ ‘ to amend its answer to include Workmen’s Compensation as a defense to the action of the plaintiff or to any recovery on his part, either directly or indirectly against the third-party defendant” (emphasis supplied). It raised no question of Erie’s right to contribution under New Jersey law and the prior decision assumed that Erie was entitled to contribution and that the defense was urged only as a limitation of recovery (see 27 Misc 2d 638, 639). The present motion raises for the first time the legal sufficiency of the claim over in the light of the employer-employee relationship between plaintiff and Star, a question which only incidentally involves plaintiff’s right to proceed against Star. The prior decision was predicated on the absence of any overriding New York policy against allowing contribution by an employer (27 Misc 2d 638, 641) rather than on the presence of a common liability of Erie and Star to plaintiff.
The court has not overlooked those cases holding that foreign law is a question of fact requiring denial of a summary judgment motion (Werfel v. Zivnostenska Banka, 287 N. Y. 91, 93; Croker v. Croker, 252 N. Y. 24, 26; Majestic Co. v. Wender, 24 Misc 2d 1018). But where, as in the present case, no factual question concerning the meaning or construction of the foreign law is raised by the opposing affidavits and the court’s research reveals the foreign law to be so overwhelmingly clear that it would upon a trial be required to charge the foreign law as matter of law, it must be held that no triable issue exists concerning the foreign law. Under such circumstances, the court is warranted in exercising the discretion with which it is vested by section 344-a of the Civil Practice Act to judicially notice the foreign law and to grant summary judgment on the basis of it.