Per Curiam.

The defendant seasonably objected to the absence from the plaintiff’s affidavit in support of its motion for summary judgment, sworn to in the State of Illinois, of the authenticating certificate prescribed by CPLR 2309 (subd. [c]). Though the defect could have been cured by amendment, it was not so cured; the affidavit was, therefore, not properly before the court (Majestic Co. v. Wender, 24 Misc 2d 1018).
While CPLR 3213 permits a plaintiff to serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint, in an action upon a judgment or instrument for the payment of money only, self-evidently the supporting papers must contain proof of the essentials of the plaintiff’s cause of action. Plaintiff’s moving affidavit did not show its corporate status in accordance with *277 CPLR 3015 (subd. [b]). We regard the corporate or other legal status of a plaintiff who is not an individual as one of these essentials. The omission of proof of this essential, challenged by defendant as a defect, also was not supplied by amendment. It was, therefore, error to grant plaintiff summary judgment.
The errors in the summons were amendable irregularities and did not reach the stature of jurisdictional defects; and the defendant was neither misled nor prejudiced by them (Creative Woodworking Co. v. Bohn, 44 Misc 2d 369; Gribbon v. Freel, 93 N. Y. 93; Barth v. Owens, 178 Misc. 628). The cross motion to dismiss the complaint for lack of jurisdiction was properly denied.
The order insofar as appealed from should be modified to the extent of reversing the granting of plaintiff’s motion for summary judgment, with $10 costs to appellant and denying said motion with leave to renew upon proper papers, and, as so modified, affirmed.
Concur — Tilzer, J. P., IIeciit and IIoestadter, JJ.
Order modified, etc.