Bentley Kassal, J.
Plaintiff has moved for summary judgment to enforce a default judgment obtained against this defendant in the District Court of Puerto Rico. Defendant opposes this motion on the grounds (1) that the courts of Puerto Rico had no jurisdiction over her since she was “never personally served with legal process in the Commonwealth of Puerto Rico ” and (2) “ that plaintiff should be relegated to an action against me in this jurisdiction which would enable me to implead my former husband and thereby determine liability.”
Defendant admits that the liability underlying the Puerto Rico judgment was ‘ ‘ for necessaries furnished to me by the *716 plaintiff ’ ’ while on a vacation trip in San Juan, but claims that this trip was at the request of her husband, that she was authorized to pledge his credit, and that liability ‘ ‘ primarily ’ ’ was her former husband’s.
As to the first issue, there is no question that a Puerto Rico judgment is entitled to full faith and credit (U. S. Code, tit. 28, § 1738 ; Americana v. Kaplus, 368 F. 2d 431 [3d. Cir., 1966], cert. den. 386 U. S. 943), but lack of jurisdictiomover the person may always be shown (Fauntleroy v. Lum, 210 U. S. 230 [1908]). The jurisdiction of the Puerto Rico court was based upon rule 4.7 (a) (1) of the Puerto Rico Rules of Civil Procedure. This is similar to CPLR 302 (subd. [a], par. 1) and CCA 404 (subd. [a], par. 1) in that it provides for personal jurisdiction over nonresidents, if the action or claim arises as a result of business transactions carried out by the defendant within Puerto Rico. In such cases, substituted service pursuant to subdivision b of the rule is authorized. Plaintiff has shown, and defendant has not denied, that proper substituted service was made.
Under CPLR 4511 (subd. [a]), the court is obliged to take judicial notice of the laws of every territory of the United States, including Puerto Rico (see Americana, supra). In light of this provision, such non-forum law is to be treated as if it were a question of law. (Gevinson v. Kirkeby-Natus Corp., 26 A D 2d 71 [1st Dept., 1966].) Earlier cases have held that foreign law is a question of fact, usually requiring a denial of summary judgment; however, even under this classification, the courts have held that where “ the foreign law is so overwhelmingly clear that [the court] would upon a trial be required to charge the foreign law as a matter of law, it must be held that no triable issue exists concerning the foreign law.” (Tuffarella v. Erie R. R. Co., 33 Misc 2d 1040, 1043, affd. 17 A D 2d 484, affd. 13 N Y 2d 1045).
The applicability of rule 4.7, cited above, to defendant in the Puerto Rico action is substantiated by defendant’s having been in Puerto Rico and personally having used the services of plaintiff’s hotel. I therefore find that the District Court had personal jurisdiction over the defendant.
The second objection raised by the defendant is insufficient to prevent the granting of plaintiff’s motion. If the plaintiff has a bona fide judgment, he should rarely, if ever, be asked to wait because of a possible third-party claim by the defendant against some nonparty. (Practice Commentary C3213:18, McKinney’s Cons. Laws of N. Y., Book 7B.) Had the defendant here already impleaded her former husband, this collateral claim could be severed and sent off as an independent action (CPLR 603). *717 Thus she is not prejudiced by now having to bring a separate suit if she wishes to recover over from him.
Accordingly, summary judgment is granted to plaintiff for the amount in the summons.