Harold E. Koreman, J.
The third-party defendant All-Brite Window Cleaning and Building Maintenance Company, Inc. (hereinafter called All-Brite) moves for an order pursuant to subdivision (b) of CPLR 3025 granting leave to serve an amended third-party answer. The original action was commenced by the plaintiff against the City and County Savings Bank, on whose premises plaintiff alleges he sustained personal injuries as a result of the bank’s negligence. The accident and resulting injuries occurred in the course of plaintiff’s employment as an employee of All-Brite. The bank, in turn, has impleaded All-Brite in a third-party action in which it seeks indemnification or contribution from the third-party defendant employer in the event the bank is held liable to the plaintiff. Thereafter, the bank also commenced third-party actions against the other two named third-party defendants. All-Brite’s proposed amended answer contains a general denial, and seeks to assert as an affirmative defense in the original action the exclusive remedy provisions of the Workmen’s Compensation Law. The defendant and third-party plaintiff bank also moves for leave to serve an amended answer to assert appropriate defenses under the Workmen’s Compensation Law against both the prime *535 plaintiff and the responses of the third-party defendants in the event that such defenses as sought by All-Bright are permissible.
The court is fully cognizant of the rule of liberality in granting leave to amend pleadings pursuant to the provisions of subdivision (b) of CPLB 3025, and that, ordinarily, the court should not determine questions relating to the merits and sufficiency of the defense sought to be interposed. However, when it is apparent that the proposed amendment is palpably insufficient on its face, leave to amend the answer so as to plead it should be denied. (Norton v. Norton, 12 A D 2d 1003; Lo Verde v. Four Sixty-Nine Realty Corp., 47 N. Y. S. 2d 859, affd. 269 App. Div. 692, affd. 295 N. Y. 585; Tuffarella v. Erie R. R. Co., 27 Misc 2d 638; 6 Carmody-Wait 2d, New York Practice, § 34:22, p. 88.) Such is precisely the case in the instant motions. The plaintiff in the original action could not seek recovery for common-law damages against his employer All-Brite, since his remedy is exclusively under the provisions of the Workmen’s Compensation Law. This does not preclude the bank from seeking to shift the liability over to plaintiff’s employer, thus making the employer liable indirectly in an amount which could not be recovered directly. In seeking recovery over against the employer, the bank is not suing for the damages sustained by the employee, but asserts its own right of recovery for breach of an alleged independent duty or obligation owed to the bank by the employer as indemnitor. It is now settled law that the fact that there may be a recovery against the employer for more than compensation benefits is of no consequence in determining the right to make such a claim against the employer. (Dole v. Dow Chem. Co., 30 N Y 2d 143; Westchester Light. Co. v. Westchester County Small Estates Corp., 278 N. Y. .175; McFall v. Campagnie Mar. Belge [Lloyd Royal] S. A., 304 N. Y. 314, 331; Putvin v. Buffalo Elec. Co., 5 N Y 2d 447, 455; Tuffarella v. Erie R. R. Co., supra; 3 Carmody-Wait 2d, § 19:108, pp. 359-361.)
The immunity granted to the employer, by the exclusivity of the Workmen’s Compensation Law, as against his injured employee seeking tort damages, is not available to the employer as against a third person, sued by the employee and seeking indemnification from the employer. While previously a defendant sued by an injured employee could implead the employer only under the passive-active criteria, now under the facts of Dole (supra) he can do so “whatever the nature or measure of the employer’s negligence, as long as the employer is color-ably accusable of some.” (McKinney’s Cons. Laws of N. Y., *536 Book 7B, CPLB 3019, 1972 Supplementary Practice, Commentary by David D. Siegel, p. 208).
The third-party defendant All-Brite seeks to assert its defense of immunity under the Workmen’s Compensation Law against the plaintiff employee through the vehicle of CPLB 1008. Under the provisions of that section a third-party defendant may I defend by asserting defenses of any kind (1) he has against the third-party plaintiff, or (2)- the third-party plaintiff has against ! the plaintiff. “ The third-party defendant can successfully 1 defend if he can show that the plaintiff has no right to recover or, if plaintiff has such a right, that defendant has no right to ■ recovery over.” (2 Weinstein-Korh-Miller, N. Y. Civ. Prac., I par. 1008.02). Here, the plaintiff has a right to recover as j against the bank, and the bank has a right to recover over j against the employer All-Brite under the applicable law as set ' forth herein. Since the bank was not plaintiff’s employer, it could not under any circumstances plead the exclusive remedy provisions of the Workmen’s Compensation Law as a defense in the original action. Thus it is clear that CPLB 1008 does not afford the third-party defendant the defense it seeks to I assert in the proposed amended answer.
Accordingly, the motions of the third-party defendant All-Brite, and of the defendant bank, are denied.