Arnold L. Fein, J.
Third-party plaintiff Milau Associates, Inc., moves, pursuant to CPLR 3211 (subd. [b]), to strike from the answer to the third-party complaint (1) the first and second partial affirmative defenses asserted by third-party defendant Edward F. Hickey, Inc., to the plaintiff’s complaint, and (2) the first affirmative defense asserted by third-party defendant, Hickey, to the third-party complaint of Milau.
Plaintiff, a construction worker, injured in an accident on a construction site during the course of his employment by the third-party defendant, Hickey, is suing Milau and others alleging that their negligence caused or contributed to his injury. Milau has impleaded Hickey, plaintiff’s employer, as a third-party defendant.
In its answer to Milan’s third-party complaint, Hickey has interposed a first and second partial affirmative defense to *31 plaintiff’s complaint ” alleging in .substance that, by virtue of sections 11 and 29 (subd. 6) of the Workmen’s Compensation Law, plaintiff’s recovery against Milau must be limited in amount to the percentage of his total damages attributable to the negligence of Milau and that plaintiff is barred from recovering even against Milau so much of plaintiff’s damages as is allocable to the negligence of his employer, the third-party defendant Hickey.
The first affirmative defense to the third-party complaint pleads, in substance, that Milan’s failure as a defendant to allege the Workmen’s Compensation Law as an affirmative defense to the complaint of the plaintiff exposed Milau to liability which could have been avoided had such affirmative defense been asserted and that accordingly Milau, as third-party plaintiff, may not recover from Hickey, the third-party defendant, so much of the damages as are attributable to Hickey’s negligence.
Plaintiff pleads no cause of action against his employer, the third-party defendant Hickey, and could assert none. Plaintiff’s sole remedy against his employer is workmen’s compensation. (Workmen’s Compensation Law, §■§ 11; 29, subd. 6.)
The predicate of Hickey’s defenses is that to allow plaintiff to recover his full damages from Milau and to grant Milau contribution from or indemnity against Hickey in whole or in part, by apportionment on the basis of Dole v. Dow Chem. Co. (30 N Y 2d 143), will subject Hickey, plaintiff’s employer, to common-law liability to plaintiff, albeit indirectly, to the extent that Hickey is required to pay anything more than the sums paid or allowable by way of workmen’s compensation.
Hickey argues that such result would abort the exclusive remedy provisions of the Workmen’s Compensation Law which subject an employer to absolute liability to his employees and as a quid pro quo limit the employees to workmen’s compensation recovery as an exclusive remedy against their employers. (Workmen’s Compensation Law, §§ 11; 29, subd. 6.)
The right of an employee injured on the job to sue those responsible for his injuries, except for his fellow employees and his employer, is a common-law right. Such right is not affected by the Workmen’s Compensation Law. The obligations of such nonemployer tort-feasors are not subject to or created by that law. Their common-law liability is independent of the statute. (Workmen’s Compensation Law, §§ 11; 29, subd. 1); Strauf v. International Harvester Co., 14 A D 2d 977; Finezio v. V.R.H. Constr. Corp., N. Y. L. J., Nov. 2,1973, p. 17, col. 1.)
*32 Nothing in Dole v. Dow Chem. Co. (30 N Y 2d 143), or its progeny, alters this principle. Dole permitted impleader of the employer and ruled he might be held proportionately liable to the degree of his negligence even though the Workmen’s Compensation Law would have barred recovery had the deceased employee’s personal representative sued the employer directly. In granting the negligent nonemployer a right to apportionment as against the employer as a joint tort-feasor, Dole did not eliminate, modify or limit the nonemployer’s liability. The plaintiff’s recovery was not limited to the percentage of negligence attributable to the nonemployer defendant. On the contrary, plaintiff was entitled to recover full damages against the nonemployer. (Kelly v. Long Is. Light. Co., 31 N Y 2d 25.) That defendant was merely afforded the right to implead and obtain contribution by way of apportionment against decedent’s employer.
The fact that this might result in a recovery against the employer for more than the allowable compensation benefits under the Workmen’s Compensation Law or that the employer might thus become liable indirectly where he would not have been held liable directly was recognized by the Dow court and held to be immaterial. (Bellefeuille v. City & County Sav. Bank of Albany, 74 Misc 2d 534, mod. 43 A D 2d 335.) In its analysis of Westchester Light. Co. v. Westchester County Small Estates Corp. (278 N. Y. 175, 185), the Dow court expressly noted that the dissenter in Westchester, had contended that “ the liability of the employer should be limited ‘ in amount ’ to its exposure under the Workmen’s Compensation Law * * * but this was a view not accepted by the court ” (Dole v. Dow Chem. Co., 30 N Y 2d 143, 152). Although Westchester was a case in which the nonemployer tort-feasor sued the employer in an independent action, this is immaterial. As both the Dow and the Westchester courts noted, the right of the nonemployer to proportionate recovery against the employer is not based upon breach of a duty of the employer to the employee but rather upon breach of an independent duty or obligation owed by the employer to the nonemployer. Breach of such independent duty and liability therefor is not within the compass or contemplation of the Workmen’s Compensation Law which neither fixes the liability nor limits the recovery.
The third-party defendant’s reliance on Naso v. LaFata (4 N Y 2d 585), Rauch v. Jones (4 N Y 2d 592) and Castle v. North End Contr. (21 A D 2d 8) is misplaced. Those cases hold only that where the liability of the defendant is solely vicarious *33 or derivative and it is based on the sole negligence of plaintiff’s employer or fellow employee, the defense of the Workmen’s Compensation Law is available to the nonemployer sought to be held liable. Thus the owner of a vehicle sued on the sole basis of derivative or vicarious liability under section 388 of the Vehicle and Traffic Law could plead the Workmen’s Compensation Law exclusive remedy provisions as a bar where the sole negligence was that of plaintiff’s fellow employee or employer. The liability of the owner being derivative or vicarious, all defenses available to the driver, including the Workmen’s Compensation Law, were available to the owner.
However, the liability sought to be asserted against the third-party defendant employer Hickey in this action is not derivative or vicarious. It is asserted in the third-party complaint that the negligence of the third-party defendant contributed in whole or in part to plaintiff’s injury. Such liability, under Dole v. Dow (30 NY 2d 143, supra), permits apportionment based upon a direct breach of duty and not on a derivative or vicarious basis.
The Workmen’s Compensation Law does not provide either a partial or complete defense against the plaintiff or third-party plaintiff. The third-party plaintiff, not being plaintiff’s employer, had neither the duty nor the right to plead such defense.
All three affirmative defenses are stricken as insufficient in law.
Accordingly, the motion of the third-party plaintiff Milau is in all respects granted.